# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

|  |  |
|---|---|
| Karen Ezell,<br><br>       Plaintiff,<br><br>v.<br><br>Department of the Army, etc.<br><br>       Defendant. | Civil Case No. 5:16-cv-938 |

## MEMORANDUM OPINION

Before the Court is Defendant's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), filed December 27, 2016, ECF No. 13. Having considered the motion, responses, replies, exhibits, filings, and applicable law, the Court will grant the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) without prejudice. The Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) will be denied as moot.

## I.  BACKGROUND

Plaintiff Karen Ezell is a civilian employee of the defendant Department of the Army. Pl.'s Am. Compl. 2, ECF No. 20. Plaintiff was hired as a full time Respiratory Therapist at Brooke Army Medical Center (now San Antonio Military Medical Center), and states in the complaint that she suffers from schizophrenia, hypertension, and high blood pressure. *Id.* The physician who conducted plaintiff's pre-employment physical determined that plaintiff could not work nights due to the fact that it might exacerbate her hypertension and high blood pressure. *Id.* at 3.

1

Plaintiff began work on June 16, 2012, at which point she provided medical documentation supporting her requested accommodation to not work nights to her supervisors at orientation. *Id.* Eight months later, plaintiff filed a formal complaint with Joint Base San Antonio's EEO Office on February 1, 2013. *Id.* at 2–6. This formal complaint alleges that plaintiff was discriminated against and subject to a hostile work environment based on disability and reprisal. *Id.* at 6.

On June 28, 2013, plaintiff had a nervous breakdown. *Id.* Plaintiff claims this breakdown was accompanied by daily episodes of panic and schizophrenia from the period encompassing June 28 to December of the same year. *Id.* Plaintiff has received outpatient mental health care and medication over the past four years as a result. *Id.* at 6–7.

Plaintiff alleges that since her breakdown in 2013, she has not received the step promotions that she is entitled to, and as a result has both experienced a significant loss in promotions and pay, and had to stop pursuing her doctorate. *Id.* at 7. On June 27, 2016, plaintiff received the final Army decision (FAD) regarding her formal complaint. *Id.* at 8. Following the issuance of the FAD denying her claims, the plaintiff commenced this suit. *Id.*

Plaintiff brings claims of discrimination, harassment, failure to accommodate, and retaliation based on disability in violation of the Americans with Disabilities Act of 1990, as Amended. Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101-12213 (2017) (amended 2008). Plaintiff additionally brings claims of violations of the Texas Labor Code under the Texas Commission on Human Rights Act (TCHRA). *See* TEX. LAB. CODE ANN. § 21.051–.055 (West 2011). Plaintiff asserts that sovereign immunity does not apply to these claims, as the Texas Legislature has waived immunity for claims brought under the TCHRA. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 660 (Tex. 2008).

Defendant moves to dismiss, arguing that the federal government has not waived sovereign immunity for claims brought under the ADA or TCHRA, and in the alternative that plaintiff both failed to exhaust her administrative remedies and fails to state a plausible claim under the ADA. Def.'s Mot. to Dismiss 7–15.

## II. LEGAL STANDARDS

Defendant moves to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), and in the alternative moves to dismiss under Rule 12(b)(6) for failure to state a claim. "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Therefore, the Court addresses the 12(b)(1) motion first.

### a. 12(b)(1) Standard

The Federal Rules of Civil Procedure require this Court to dismiss a cause for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Assn. of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "Sovereign immunity is jurisdictional in nature." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Waivers of sovereign immunity must be clearly stated by the federal government. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.") Claims barred by the invocation of sovereign immunity "can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos Cty.*, 88 F.3d 341, 343 (5th Cir. 1996).

3

In analyzing a motion to dismiss under Rule 12(b)(1), a court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming*, 281 F.3d at 161. When the defendant alleges a facial attack under Rule 12(b)(1), "the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Here, defendant's motion to dismiss under Rule 12(b)(1) is a facial attack unaccompanied by supporting evidence. Therefore, the Court examines whether the allegations in the pleadings alone, which are assumed to be true, are sufficient to invoke the Court's subject matter jurisdiction. *Williamson v. Tucker*, 645 F.2d 404, 412–14 (5th Cir. 1981).

### b. 12(b)(6) Standard

If the plaintiff can meet her burden under 12(b)(1) to establish subject matter jurisdiction, the Court will assess the merits of her claim under Rule 12(b)(6). Rule 12 of the Federal Rules of Civil Procedure requires that a complaint "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under this standard, the complaint must plead facts that allow for a reasonable inference of liability. *Id.* at 678. The facts, taken as true and construed in the light most favorable to the plaintiff, must raise the right to relief above speculation. *Twombly*, 550 U.S. at 555 (2006).

### III. ANALYSIS

#### a. Motion to Dismiss for Lack of Subject Matter Jurisdiction

In a case where the plaintiff raises claims against a federal agency, the plaintiff has the burden of establishing that the United States has waived its sovereign immunity. *McNutt v. Gen.*

*Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). The plaintiff also possesses a burden to affirmatively and distinctly plead jurisdiction in a federal court. *Norton v. Larney*, 266 U.S. 511, 515 (1925). A declaration of sovereign immunity precludes cases against the United States and its agencies from proper jurisdiction, except for claims where sovereign immunity is clearly waived by the United States. *Hercules Inc., v. United States*, 516 U.S. 417, 422 (1996).

Plaintiff's amended complaint alleges violations of the ADA. Pl.'s Am. Compl. 8. The federal government has not explicitly waived sovereign immunity for claims brought under the ADA, and the Fifth Circuit has previously stated[1] that "the entire federal government is excluded from the coverage of the ADA." *Hendrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003). Plaintiff has pointed to no developments following *Hendrickson* suggesting that the United States Government has waived sovereign immunity regarding the ADA. Therefore, this Court finds that sovereign immunity has not been waived by the federal government with regard to claims brought under the ADA. Accordingly, this Court lacks subject matter jurisdiction over ADA claims against the federal government or its agencies, including the Department of the Army. Defendant is entitled to dismissal of the plaintiff's ADA claims under Rule 12(b)(1).

Plaintiff's amended complaint also includes claims brought under the TCHRA. Pl.'s Am. Compl. 8. The plaintiff shows no evidence and cites no precedent indicating that the federal government has waived sovereign immunity for claims brought under the TCHRA. Instead, the plaintiff cites precedent in the Texas courts which indicates that the Texas legislature has waived sovereign immunity for the State of Texas and its agencies for claims brought under the TCHRA. *Id.* at 5. This waiver, while explicit, applies only to the State of Texas and has no bearing on the

---

[1] The Fifth Circuit's decision relies on clear statutory language, which states that for the purposes of the ADA the term "employer" does not include "the United States [or] a corporation wholly owned by the government of the United States." 42 U.S.C. § 12111(5)(B).

5

United States or its agencies. States have no power to waive sovereign immunity on behalf of the federal government. U.S. CONST. art. VI, cl. 2. Since the Department of the Army is an agency of the United States, not of the State of Texas, this waiver does not preclude defendant from invoking sovereign immunity. As noted above, sovereign immunity has not been waived, this Court lacks subject matter jurisdiction, and defendant is entitled to dismissal of the plaintiff's TCHRA claims under Rule 12(b)(1).

### b. Motion to Dismiss for Failure to State a Claim

Since defendant is entitled to dismissal without prejudice of the plaintiff's claims under Rule 12(b)(1), this Court will not address the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). That motion will be denied as moot.

### IV. CONCLUSION

The United States has not waived sovereign immunity for the claims brought here. This Court has no power with which to exercise jurisdiction over plaintiff's claims brought against the federal government under the ADA and TCHRA. Accordingly, defendant is entitled to dismissal without prejudice of all claims pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant's 12(b)(6) motion will be denied as moot.

A separate order shall issue.

Royce C. Lamberth
United States District Judge

DATE: 4/20/17